NAPOLEON TABOR v. THE STATE.

*No. 993.    Decided March 1, 1911.*

**1.—Murder—Charge of Court—Self-Defense—Sufficiency of the Evidence.**

Where, upon trial of murder, the jury decided adversely on the issue of self-defense and convicted of manslaughter, there was no error.

**2.—Same—Charge of Court—Bill of Exceptions—Practice on Appeal.**

Under Article 723, Code Criminal Procedure, where the exceptions to the charge of the court are general the same can not be considered on appeal.

**3.—Same—Charge of Court—Self-Defense.**

Upon trial of murder, where the defendant claimed the right of self-defense against the attack of the deceased with a knife, which he claimed he saw although it was a very dark night, and the court submitted this phase of the case in a proper charge on self-defense, defendant could not complain.

Appeal from the District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for manslaughter. The evidence discloses that in a room where dancing was in progress appellant made his appearance and approached deceased. A conversation ensued which did not seem to be fully understood by the bystanders. It is claimed by appellant that deceased caught him in the collar and drew a knife on him. There is contradiction or a want of harmony in the testimony in regard to the exhibition of a knife. Be that as it may, appellant immediately left, went to

his home, a mile and a half or two miles distant, secured a gun and returned. He approached the place of the dance at a rapid gait on horseback, and immediately upon reaching the place he saw the deceased and fired upon him, blowing off the top of his head. Appellant's theory was that as he approached the deceased, deceased raised his arm and he thought he had a knife in his hand and threatened to kill him, thereupon he fired. He also states that he secured his gun for the purpose of returning to the party to defend himself against any attack that might be made on him by deceased. The above statement is the most favorable one to be deduced from the facts in appellant's behalf.

1. The court gave a charge to the jury with reference to the law of murder in both degrees, manslaughter and self-defense. Murder · in both degrees was eliminated by the verdict, the jury having convicted of manslaughter, and their verdict finds adversely to appellant on the issue of self-defense.

2. There is a bill of exceptions in the record which recites that appellant objected to the charge because it failed to instruct the jury directly upon all the law applicable to the case in that it omitted to charge the defendant's whole defense. It is also recited in the bill that the deceased had some thirty minutes prior to the homicide run defendant away from the dance, and that defendant went home to get his gun to return to the dance that he might have a social good time and not to harm the deceased; that returning to said dance for that purpose alone, just as defendant arrived on his return the deceased made an assault upon him, when he shot and killed him. That said charge failed and omitted to charge the jury that defendant had the right to go home and get his gun and return to the dance for the protection from any future assault that deceased might make upon him. This bill is qualified by the judge as follows: "The only exception taken was as follows: When the charge was read by the court the defendant's attorney stated that he excepted to the charge, but did not state in what respect he excepted to the charge and did not request any special charge on any issue."

Under the provisions of article 723 of the Code of Criminal Procedure, as this matter is presented, we can not consider this bill of exception, or rather the criticism of the charge mentioned in the bill. The exception was too general. In fact, the attorney states no ground of exception, but even if this exception be considered, we are of opinion there was no error. The court charged fully with reference to the law of self-defense, and we think favorably to the accused.

3. Applying the law of self-defense the court instructed the jury that if they should find beyond a reasonable doubt from the evidence, viewing it from the standpoint of the defendant at the time of the killing, that immediately before the homicide the deceased advanced upon defendant and from the manner and character of said advance and by words used by deceased at the time appellant had a reason-

able expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear and while such reasonable expectation or fear continued he shot and killed the deceased, he should be acquitted. And if they should further believe from the evidence that deceased in fact had no weapon at such time and that defendant was in truth in no danger from an attack by deceased, or if they have a reasonable doubt as to these facts, they should acquit. We are of opinion that this is a favorable charge and covered every contingency raised by appellant's evidence. It was a very dark night, so much so that at a few feet distance it would have been impossible to have seen a knife in the hands of deceased if he had one. But appellant testified that he believed that deceased had the knife or something as he raised his arm and started towards him, and that he thereupon shot. This we think was as favorable to appellant as the facts required or demanded.

4. The only remaining question urged by appellant is that the evidence does not support the conviction. We are of opinion that it does. In fact, the verdict of the jury may be considered, in the light of the evidence, as a mild one.

The judgment is affirmed.

*Affirmed.*